[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 12, 2007
THOMAS K. KAHN
CLERK

No. 07-11887
Non-Argument Calendar

_____

D. C. Docket No. 06-00157-CR-ORL-22-DAB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CYNTHIA LATREASE JOHNSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(September 12, 2007)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Cynthia Latrease Johnson appeals her 97-month sentence, imposed

following her guilty plea, for possessing with intent to distribute 5 grams or more

of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B)(iii),

conspiracy to possess with intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 846 & 841(b)(1)(A)(iii), and possessing with intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A)(iii). On appeal, Johnson argues that the district court treated the Sentencing Guidelines range of 97 to 121 months' imprisonment as mandatory and imposed an unreasonable sentence, which did not reflect the court's expressed concerns about the disparity between sentences for comparable amounts of crack cocaine and powder cocaine. She also contends the district court failed to consider mitigating facts such as her limited criminal history, her limited role in the instant offenses, and that she is responsible for her five children. After careful review, we affirm.

This Court has held that "[i]n reviewing the ultimate sentence imposed by the district court for reasonableness, we consider the final sentence, in its entirety, in light of the § 3553(a) factors." United States v. Martin, 455 F.3d 1227, 1237 (11th Cir. 2006) (citation omitted). In determining whether a sentence is reasonable, the district court should be guided by the § 3553(a) factors. United States v. Winingear, 422 F.3d 1241, 1246 (11th Cir. 2005). Section 3553(a) provides that district courts must consider, inter alia, (1) the applicable guideline range; (2) the nature and circumstances of the offense; (3) the history and

2

characteristics of the defendant; (4) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (5) the need for adequate deterrence; (6) protection of the public; and (7) the need to avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a)(1)-(6).

A district court need not explicitly consider every single § 3553(a) factor in order for the sentence to be reasonable. See United States v. Scott, 426 F.3d 1324, 1329-30 (11th Cir. 2005). Rather, "an acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient under Booker." United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). In United States v. Rita, 551 U.S. __, 127 S. Ct. 2456 (2007), the Supreme Court recently held that, in reviewing sentences for reasonableness under 18 U.S.C. § 3553(a), a federal appellate court may apply a presumption of reasonableness to a district court sentence that is within the Guidelines range and reflects a proper application of the Guidelines. Id. at 2463; 127 S.Ct. at 2463-68. After the Rita decision, this Court noted that this circuit does not "presume reasonable a sentence within the properly calculated Guidelines range." United States v. Campbell, 491 F.3d 1306, 1313 (11th Cir. 2007) (citation omitted). Instead, this Court has held that a within-range sentence may ordinarily be

expected to be reasonable, but it is not reasonable per se. Talley, 431 F.3d at 786-88. Moreover, "the party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both that record and the factors in section 3553(a)." Id. at 788.

Although the Sentencing Guidelines are advisory, a district court must still calculate the correct Guidelines range, and in so doing it "may not disregard individual Guidelines or construe them in a manner inconsistent with Congress's intent as expressed in the Guidelines, even if the ultimate range based on those Guidelines is advisory in nature." United States v. Pope, 461 F.3d 1331, 1337 (11th Cir. 2006). Notably, we have expressly held that a district court's disagreement with the penalties for crack cocaine offenders relative to powder cocaine offenders is not a proper basis upon which to depart from a properly calculated Guidelines range under 18 U.S.C. § 3553(a). Id. at 1336 (citing United States v. Williams, 456 F.3d 1353 (11th Cir. 2006)).

In the instant case, our review of the transcript from the sentencing hearing makes clear that the district court understood the Sentencing Guidelines to be advisory only. Indeed, on numerous occasions, the district court expressly stated that the Guidelines were advisory, noting that it had considered the "advisory sentencing guidelines" in determining the sentence and that the "advisory

4

sentencing guidelines" treat crack cocaine differently from powder cocaine. After making the latter observation, the court correctly noted that our decision in Williams precluded it from reducing Johnson's sentence based only on a disagreement behind the policy of the powder versus crack cocaine disparity. See 456 F.3d at 1369.

The record also shows that the district court adequately considered the § 3553(a) factors. The sentence imposed in this case was the lowest possible sentence under the Guidelines, and Johnson admits that the sentencing range was properly calculated. Therefore, this Court expects such a sentence to be reasonable, and Johnson bears the burden of establishing that it is not. Talley, 431 F.3d at 786-88.

Here, Johnson has not met her burden. At the sentencing hearing, the district court elicited input from both parties regarding mitigating factors. Johnson requested a sentence below the Guidelines range, citing her short criminal record and noting that she is a single mother of five children. Following this request for a lower sentence and hearing the arguments from both sides, the district court specifically acknowledged taking the § 3553(a) factors into consideration. The court found that Johnson's 97-month sentence was "sufficient but not greater than necessary to comply with the statutory purposes of sentencing."

On this record, Johnson has not shown that her sentence is unreasonable in the light of both the record and the factors in section 3553(a). Accordingly, we affirm.

**AFFIRMED.**